UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                                                 **REPORT AND RECOMMENDATION**

v.

                                                 22-CR-00101(RJA)(JJM)

DEMARIO ROBBINS,
                  Defendant.

_____

        Defendant Demario Robbins is charged in a one-count Indictment [1][1] with robbing a pharmacy in violation of 18 U.S.C. §2118(a). Before the court is the remaining portion of Robbins' pretrial motion, seeking to suppress physical evidence and statements (Stachowski Declaration [10-1], ¶¶72-82),[2] which have been referred to me by District Judge Richard J. Arcara for initial consideration [3]. Having considered the parties' submissions [10, 11] and heard oral argument on October 18, 2022 [12], I recommend that the motions be denied.

**DISCUSSION**

        Robbins moves to suppress evidence seized pursuant to an alleged consent search of 383 Guilford Street in Buffalo, New York, and from the alleged seizure of his girlfriend's vehicle that he was operating, which was not searched until a warrant was obtained months later. Stachowski Declaration [10-1], ¶¶72-79.[3] He also moves to suppress statements that he allegedly gave to law enforcement "in close proximity to their illegal search and seizure", as

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     At the October 18, 2022 oral argument, Robbins' counsel confirmed that the remaining portions of Robbins' pretrial motion [10] were resolved.

[3]     Robbins' motion does not indicate when these events took place.

being "fruits of the poisonous tree and because [they were] not voluntary". Id. at ¶¶80-82. Robbins seeks a "hearing both on suppression and as to the efficacy of the underlying search warrant". Id. at ¶79. In response, the government argues that since the motion was not accompanied by an affidavit (or declaration) from Robbins, it should be denied without a hearing. Government's Response [11], 15-16. I agree.

"A defendant seeking the suppression . . . is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved would require the granting of relief." United States v. Longo, 70 F. Supp. 2d 225, 248 (W.D.N.Y. 1999). *See also* United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005) ("an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question"). "To meet that burden a defendant must, at a minimum, present his . . . claim through an affidavit of an individual with personal knowledge of the relevant facts." Longo, 70 F. Supp. 2d at 248. *See also* United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) ("[t]he law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge"). "[A]n attorney's affidavit, absent personal knowledge is insufficient to justify a suppression hearing". United States v. Cook, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004).

I cautioned Robbins in each of the two Scheduling Orders I issued in this case (as I do in all of my Scheduling Orders) that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the

motion be denied". *See* [6], ¶2; [9], ¶1.  Notwithstanding this clear and well settled requirement, Robbins failed to submit an affidavit or declaration of standing in support of his suppression motion.

Robbins' attorney suggested at oral argument that he be given an opportunity to remedy this deficiency.  However, Fed. R. Crim. P. ("Rule") 47(d) requires the moving party to "serve any supporting affidavit *with the motion*" (emphasis added), not at a later date.  In the absence of any reasonable explanation for why the motion could not have been accompanied by a supporting affidavit (or declaration) from Robbins, any belated efforts to satisfy this requirement come too late.  To excuse Robbins' failure would only cause further delay in this case, which would undermine the public's interest in a speedy trial. *See* Zedner v. United States, 547 U.S. 489, 501-02 (2006); United States v. Lewis, 2018 WL 3195158, *2 (W.D.N.Y.), adopted, 2018 WL 1805554, *3 (W.D.N.Y. 2018) ("to excuse the Defendant's failure to [submit an affidavit (or declaration) of standing by the deadline] would undermine the public's interest in a speedy trial").

In any event, much of the Declaration submitted by Robbins' attorney in support of the motion offers no basis to conduct a suppression hearing.  For instance, it contends that "in violation of City of Buffalo policy, there was no body cam footage of the consent that allegedly was given to enter [383 Gilford Street]". Stachowski Declaration [10-1], ¶76. However, it does not affirmatively state that there was no consent by Robbins or others with actual or implied authority to do so, and even if consent for the search was lacking, it fails to establish his standing to contest the search.  Except stating that Robbins was "present" when law enforcement entered the residence, it offers no explanation of Robbins' nexus to the residence.  This falls well short of establishing that he had an expectation of privacy in all (or portions) of 383 Guilford Street. *See*

Minnesota v. Carter, 525 U.S. 83, 90 (1998) ("one who is merely present with the consent of the householder may not" claim the protection of the Fourth Amendment).

Likewise, the Declaration merely asserts that Robbins' statements were "not voluntary". Stachowski Declaration [10-1], ¶81.  Yet, even if that conclusory representation was made in an affidavit (or declaration) from Robbins, without any detail about what rendered the statements involuntary, it would be insufficient to establish his entitlement to a hearing. *See* United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998) ("[a] bald assertion that a statement was involuntary . . .  could be based on any of a number of factual premises such as coercion, lack of Miranda warnings, or lack of competence. Without specification of the factual basis for such a characterization, the district court is not required to have a hearing").

**CONCLUSION**

For these reasons, I recommend that defendant's remaining motions to suppress physical evidence and statements (Stachowski Declaration [10-1], ¶¶72-82) be denied.  Unless otherwise ordered by District Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by November 3, 2022.  Any requests for extension of this deadline must be made to District Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: October 20, 2022

                                                  /s/Jeremiah J. McCarthy
                                                  JEREMIAH J. MCCARTHY
                                                  United States Magistrate Judge